[Cite as *State v. Reyes*, 2018-Ohio-494.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105794

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LUIS A. REYES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611804-A

**BEFORE:** Kilbane, P.J., Laster Mays, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 8, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Anna Woods
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

**{¶1}**  Defendant-appellant, Luis A. Reyes ("Reyes"), appeals his sentence for attempted aggravated arson and domestic violence.  For the reasons set forth below, we affirm.

**{¶2}**  In December 2016, Reyes was charged in a twelve-count indictment with ten counts of aggravated arson, one count of attempted aggravated arson, and one count of domestic violence.

**{¶3}**  In March 2017, pursuant to a plea agreement with the state of Ohio, Reyes pled guilty to three counts of attempted aggravated arson and one count of domestic violence.  The trial court referred Reyes to the probation department for a presentence investigation report ("PSI") and set this matter for sentencing in April 2017.

**{¶4}**  At the sentencing hearing, the trial court referenced the PSI and heard testimony from Captain Schroeder of the Cleveland Fire Department Arson Unit.  It was adduced from the PSI and Captain Schroeder's statement that Reyes, following an argument with his girlfriend, poured gasoline on his girlfriend and the basement floor of his home and threatened to burn the house down.  Reyes's girlfriend's daughter heard her mother's screams for help and intervened by smacking a lighter out of Reyes's hand before he was able to light it.  Several other family members were sleeping upstairs at the time of this incident.  Cleveland Police officers arrived at Reyes's home and were able to detect the strong odor of gasoline at the front door emanating from the basement.  The arson

investigator from the Cleveland Fire Department determined that Reyes had poured so much gasoline that "it was too rich to ignite right then."

{¶5}   The parties agreed that the attempted aggravated arson in Count 11 merged with the acts of attempted aggravated arson charged in Counts 1 and 2.   The state elected to seek sentencing on Counts 1 and 2.   The  trial court sentenced Reyes to five years on each of Counts 1 and 2 and ordered these sentences to run consecutive to each other for a total of ten years.   The trial court sentenced Reyes to time served on the domestic violence count.

{¶6}   Reyes now appeals, raising the following single assignment of error for our review:

<u>Assignment of Error</u>

The trial court erred when it ordered consecutive sentences without support in the record for the requisite statutory findings under R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14.

{¶7} In his sole assignment of error, Reyes argues that the record does not support the trial court's consecutive sentence findings pursuant to R.C. 2929.14(C).

{¶8} Our standard of review of a felony sentence is found in R.C. 2953.08(G)(2), which states in relevant part:

The appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)] * * *;

(b) That the sentence is otherwise contrary to law.

{¶9} We note that under R.C. 2929.14(A), prison terms are to be served concurrently, subject to certain exceptions. A trial court may, in its discretion, order that a defendant consecutively serve multiple prison terms for convictions of multiple offenses, provided the court make certain statutory findings under R.C. 2929.14(C)(4). Specifically, the trial court must find that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) if one of three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c) applies. *Id.*

{¶10} Here, the trial court made the first two findings and further found that the factors of R.C. 2929.14(C)(4)(b) and (c) applied in relation to the third required finding:

> I find that a consecutive prison term is necessary to protect the community and to punish you, the offender, and it's not disproportionate, and I find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct as I find that there were multiple victims in this case.
> You poured gasoline on the floor of a dwelling, of a home, in the early morning hours of the night, not to mention putting gasoline on your girlfriend or spouse at any given moment that home and your wife could have gone up in flames. So that's why I find that a consecutive sentence is necessary as there were multiple victims and the risk of harm is so serious in this case, and your criminal history shows that a consecutive sentence is necessary to protect the public.
>
> Also, I find that at least two of the multiple offenses were commited as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct.

{¶11} Reyes contends that the record does not support the trial court's findings in relation to the third prong of the required consecutive sentence findings. Specifically, he challenges the trial court's findings that his "criminal history shows that * * * consecutive sentence[s are] necessary to protect the public" and that the offenses to which he pled "were committed as part of [a course of conduct], and the harm caused by [this course of conduct] was so great or unusual that no single prison term * * * adequately reflects the seriousness of [his] conduct." Reyes contends that because his prior record is limited to misdemeanor convictions and contains no violent offenses or crimes that "harmed a person or property," his criminal history does not demonstrate that consecutive sentences are warranted under R.C. 2929.14(C)(4)(c). He also argues that his conduct merely created a "risk of harm," rather than actual harm and therefore, consecutive sentences are not warranted under R.C. 2929.14(C)(4)(b).

{¶12} Reyes did not dispute the details of his conduct adduced at the sentencing hearing. At sentencing, the trial court addressed Reyes as to the seriousness of this conduct:

[Y]ou created an extremely dangerous situation and an extremely serious risk to a number of people by pouring gasoline all over the floor of this house and pouring it on the victim in this case, and having so many other people be in this house. You should be so thankful that this house didn't go up in flames which would carry a signficant risk to people who even lived around you.

**{¶13}** As the trial court aptly noted, Reyes's conduct was very serious and presented an extremely dangerous situation. Reyes's argument that his conduct is somehow less serious because the gasoline he poured did not actually ignite is unpersuasive. This does not diminish the physical and psychological harm suffered by his victims.

**{¶14}** The trial court also read a portion of Reyes's criminal record from the PSI on the record. While Reyes's criminal history prior to this matter is not violent and not as serious as the offenses to which he pled guilty in the present matter, his record is, nonethless, lengthy and indicates a substance abuse problem, which, according to his girlfriend's statement to the fire investigator, precipitated the domestic violence underlying the present offenses.

**{¶15}** Upon review of the record in this matter, we cannot clearly and convincingly find that the trial court's findings that the statutory factors set forth in R.C. 2929.14(C)(4)(b) and (c) are unsupported by the record. Accordingly, Reyes's sole assignment of error is overruled.

**{¶16}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been

affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR