[Cite as *State v. Cox*, 2020-Ohio-4648.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2019-0080 |
| | : | |
| DUSTIN COX | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court of Common Pleas, Case No. CR2019-0018

JUDGMENT:                 AFFIRMED

DATE OF JUDGMENT ENTRY:        September 29, 2020

APPEARANCES:

For Plaintiff-Appellee:                         For Defendant-Appellant:

D. MICHAEL HADDOX                      TODD W. BARSTOW
MUSKINGUM CO. PROSECUTOR      538 South Yearling Rd. Ste. 202
TAYLOR P. BENNINGTON               Columbus, OH 43213
27 North Fifth St., P.O. Box 189
Zanesville, OH 43701

*Delaney, J.*

{¶1} Appellant Dustin Cox appeals from the October 1, 2019 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's sentencing memorandum of September 18, 2019.

{¶3} Appellant and his wife were estranged but briefly back together and living with other people in a residence on Pershing Avenue. By all accounts, the other residents of the home, including appellant but not his wife, used and sold methamphetamine from the residence. On December 31, 2018, appellant was delusional and paranoid, and became convinced his wife was cheating on him. They argued several times with others present. Appellant went upstairs to confront his wife a final time. Witnesses downstairs heard appellant say, "Fuck you bitch, I'm done with your shit," immediately before he shot his wife dead as she lay in bed. Appellant then ran from the residence and dropped the firearm under a tree at a preschool.

{¶4} Appellant was charged by indictment with one count of aggravated murder pursuant to R.C. 2903.01, an unclassified felony [Count I]; one count of tampering with evidence pursuant to R.C. 2921.12(A), a felony of the third degree [Count II]; and one count of murder pursuant to R.C. 2903.02(B), an unclassified felony [Count III]. Each count was accompanied by a firearm specification pursuant to R.C.2941.145.

{¶5} Appellant entered pleas of not guilty.

{¶6} On August 16, 2019, appellant changed his pleas to ones of guilty upon Counts II and III, pursuant to a negotiated plea agreement. Appellee agreed to dismiss

Count I and the accompanying firearm specification.  The parties further agreed appellee would make no recommendation as to sentencing, but both prosecution and defense trial counsel reserved the right to argue for appropriate sentencing.  Appellant further agreed to make restitution, and the parties stipulated that Counts II and III do not merge.   Finally, appellant acknowledged the trial court was not required to follow any sentencing recommendation.

{¶7}   The trial court accepted appellant's pleas of guilty and found him guilty upon Counts II and III.  Sentencing was deferred pending a pre-sentence investigation (P.S.I.).

{¶8}   Appellant appeared for sentencing on September 23, 2019. The trial court noted it considered the record, the P.S.I., appellee's plea recommendation, and victim-impact statements, in addition to the principles and purposes of sentencing pursuant to R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12.

{¶9}   The trial court sentenced appellant to a term of 36 months upon Count II, consecutive to a term of 1 year upon the firearm specification, and to a mandatory term of life in prison with parole eligibility after 15 years upon Count III, consecutive to a 3-year term upon the firearm specification.  The trial court ordered that all prison terms are to be served consecutively for a total aggregate sentence of life in prison with the eligibility for parole after 22 years.

{¶10} On the record at the sentencing hearing, the trial court noted appellant was 24 years old and his wife was 21 years old.  Although appellant had no criminal history, these crimes were precipitated by his drug abuse.  Further, as appellant ran from the

scene of the crime, he threw the firearm he used to murder his wife into a bunch of trees near a daycare center, where it could have been discovered by a child.

{¶11} On the record at the sentencing hearing, and in the judgment entry of sentence, the trial court noted pursuant to R.C. 2929.14(C)(4), imposition of consecutive sentences is necessary to protect the public or to punish appellant, and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. The trial court further found at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by one or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses so committed as part of any of the courses of conduct adequately reflects the seriousness of appellant's conduct.

{¶12} The "great or unusual harm" found by the trial court upon Count II was based upon appellant's conduct in disposing of the weapon near the daycare center, which "was a separate and distinct act that resulted in the possibility of separate and distinct victims in that case" requiring consecutive sentences. T. 20.

{¶13} Appellant now appeals from the trial court's Entry of October 1, 2019.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

**ANALYSIS**

{¶16} In his sole assignment of error, appellant argues the trial court erred in imposing consecutive prison terms.  We disagree.

{¶17} Appellant was convicted upon one count of tampering with evidence, a felony of the third degree, and one count of murder, an unclassified felony. Additionally, appellant was convicted of firearm specifications upon both counts.  The trial court imposed consecutive prison terms of 36 months plus one year (Count II), and life in prison with parole eligibility plus three years (Count III).

{¶18} Appellant argues the record of the instant case does not support consecutive sentences.  "[A]ppellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. An appellate court may only modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the sentencing court's decision. *Id.* at ¶ 23. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Silknitter*, 3rd Dist. Union No. 14–16–07, 2017-Ohio-327, ¶ 7, citing *Marcum, supra.* Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶19} In the instant case, appellant argues the trial court erred in imposing consecutive terms because "the record is devoid of any actual harm caused by the tampering charge," let alone that the harm is great or unusual.  Appellant argues the

concern cited by the trial court--that a child could have discovered the firearm dumped near the daycare--is merely speculative.

{¶20} We note appellant does not argue that the trial court failed to make the proper findings; instead, he disagrees with the weight afforded to those findings. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

{¶21} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23. R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences and provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was

under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} In this case, the record does establish, and appellant admits, that the trial court made the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. Appellant's specific argument, though, is that the speculative harm noted by the trial court regarding the firearm near the daycare does not satisfy R.C. 2929.14(C)(4)(b).

{¶23} Appellee responds with two cases demonstrating trial courts may use discretion in applying and weighing the consecutive-sentencing findings, and need not make those findings in a vacuum, divorced from their own life experiences. In *State v. Saylor,* a defendant sold counterfeit Percocet, and in sentencing the trial court noted the risk of death to secondary buyers from pills containing Carfentanil in an "opiate-starved community." 2nd Dist. Champaign No. 2018-CA-14, 2019-Ohio-1025, ¶ 41. The

defendant argued on appeal there was no connection between his conduct and the court's finding of great or unusual harm because there was no evidence his counterfeit drugs were different from other such drugs, and there was no showing as to the strength of his counterfeit pills. *Id.*, ¶ 43. The Second District Court of Appeals disagreed and noted "it is within the discretion of the individual judge 'to determine the weight to assign a particular statutory factor,' and when making such judgments, the sentencing court 'is not required to divorce itself from all personal experiences and make [its] decision in a vacuum.'" *Id.* at ¶ 44, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶24} In *State v. Reyes*, 8th Dist. Cuyahoga No. 105794, 2018-Ohio-494, at ¶ 12, the trial court cited the seriousness of a defendant's conduct, noting the extreme risk he created in pouring gasoline throughout a house and onto a victim. The Eighth District Court of Appeals disagreed with the defendant's argument that his conduct was somehow less serious because the gasoline did not actually ignite; the risk of the behavior did not diminish the physical and psychological harm suffered by the victims. *Id.,* ¶ 13.

{¶25} In the instant case, the trial court's finding of great or unusual harm is also based upon a risk, the risk posed by depositing a murder weapon near a daycare center. Upon our review of the record, we agree with appellee that the trial court was entitled to assess this factor based on life experience and to conclude that the harm was so great or unusual that consecutive sentences are warranted. The trial court was not required to discount this factor simply because a child did not find the firearm and suffer harm from it.

{¶26} In the sentencing entry, the trial court found that consecutive sentences are necessary to protect the public from future crime or to punish the offender; are not disproportionate to appellant's conduct and to the danger he poses to the public; and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of appellant's conduct.

{¶27} Based on our review, we find that the record demonstrates that the trial court made the requisite findings. The sentence was within the statutory range. Moreover, the record reveals that the trial court properly considered the statutory purposes and factors of felony sentencing, and the decision is supported by clear and convincing evidence. Accordingly, we find that the trial court did not err in the imposition of appellant's prison sentence, including imposition of consecutive terms, and did not fail to consider the statutory factors.

{¶28} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶29} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.