[Cite as *State v. Hatfield*, 2016-Ohio-2888.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2015-0051 |
| BRIAN T. HATFIELD | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                              County Court of Common Pleas, Case No.
                              CR2014-0182

JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       May 4, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

SCOTT LONGO                           DAVID SAMS
150 E. Gay Street -23rd Fl.           Box 40
Columbus, OH 43215                    West Jefferson, OH  43162

*Gwin, J.*

{¶1}    Appellant Brian T. Hatfield ["Hatfield"] appeals from the August 31, 2015 Judgment Entry of Prison Sentence of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

*Facts and Procedural History*

{¶2}    A statement of the facts underlying Hatfield's criminal conviction is not necessary to our resolution of this appeal.

{¶3}    On June 12, 2014, Hatfield was indicted on a six-count indictment for Count 1-Engaging in a pattern of corrupt activity, a felony of the first degree in violation of R.C. 2923.32(A)(1); Count 2 - Money Laundering, a felony of the fifth degree in violation of R.C. 1315.55(A)(1); Count 3 -Theft, a felony of the fourth degree in violation of R.C. 2913.02(A)(1); Count 4 –Theft,  a felony of the fourth degree in violation of R.C. 2913.02(A)(1); Count 5 –Theft, a felony of the fourth degree in violation of R.C. 2913.02(A)(1); and Count 6 – Theft, a felony of the third degree in violation of R.C. 2913.02(A)(1).

{¶4}    On November 3, 2014, Hatfield entered a negotiated plea of guilty to Count 2 – Money Laundering; Count 4 –Theft; and Count 6 – Theft.  The remaining counts were dismissed by the state in exchange for Hatfield's pleas.  Because Hatfield had left the County while on bond, he was held without bond while a pre-sentence investigation report was prepared.  On November 17, 2014, Hatfield was sentenced to 30 months for his guilty plea to Count 2 - Money Laundering, 12 months for his guilty pleas to Count 4 – Theft and 36 months for his guilty plea to Count 6 – Theft.  The trial court ordered the sentences to be served consecutively.

{¶5} Hatfield challenged the imposition of the consecutive terms on the ground that the trial court failed to make the findings required by R.C. 2929.14(C)(4). *State v. Hatfield,* Fifth District Muskingum No. CT2014-CA-00052, 2015-Ohio-2846 ["*Hatfield I*"]. We agreed, vacated the sentence and remanded the case to the trial court. Id.

{¶6} Upon remand, the trial court again ordered consecutive terms.

*Assignment of Error*

{¶7} Hatfield raises one assignment of error,

{¶8} "I. THE DEFENDANT-APPELLANT WAS RE-SENTENCED TO CONSECUTIVE PRISON TERMS CONTRARY TO R.C. 2929.14(C)(4)."

*Analysis*

{¶9} In his sole assignment of error, Hatfield challenges the imposition of the consecutive terms on the ground that the trial court failed to make the findings required by R.C. 2929.14(C)(4). Specifically, Hatfield contends it is not possible to say that the harm caused by all of the offenses to which he entered a negotiated plea of guilty was either so great or unusual that a single term will not suffice. Hatfield argues that the harm caused here is not so great or unusual because it is within the monetary range provided for an F-3 theft under R.C. 2913.02(B)(2).

{¶10} The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* __Ohio St.3d__, 2016–Ohio–1002, __N.E.3d ___, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for

resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶11}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

**{¶12}** In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶13}** R.C. 2929.14(C)(4), provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish **665 the

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender.  The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses

were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶15} Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶16} Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical

mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

{¶17} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶18} In the case at bar, the trial court found,

The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender, you, here. The Court also finds that consecutive sentences are not disproportionate to your conduct and to the danger you pose to the public.

T. Aug. 31, 2015 at 16.

{¶19} **R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶20} In the case at bar, the parties agree that Hatfield did not commit the crimes while he was awaiting trial or sentencing, or while Hatfield was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶21} In the case at bar, the trial court noted,

You did these actions over periods of time. Correct?

THE DEFENDANT Yes.

THE COURT: And you just kept -- it wasn't one event. You kept doing this. You understand that?

THE DEFENDANT: Yes.

THE COURT: You stole multiple times. Would that be accurate?

THE DEFENDANT: Yes, sir.

THE COURT: The Court finds that at least two of these multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of your conduct. Do you have any questions about that?

THE DEFENDANT: No, sir.

{¶22} The trial court further found,

THE COURT: You know the money laundering that was involved. And what I still don't believe is I don't think you have any idea the harm you did to your community. That -- it was -- Harrison Township is a tight-knit, close community.

THE DEFENDANT: Yes, sir.

THE COURT: Most people know most everyone in the community.

THE DEFENDANT: Yes, sir.

THE COURT: Most people have lived there quite a while. People did give up -- give their lives to that township, to the EMS. And you were in a position of trust that you violated horribly. And you violated it in such a way that you even pointed the finger away from you knowing that you were guilty, toward two very innocent people who were committed to that organization. The selfishness that you exhibited by your criminal behavior here is extreme. And based upon that, the following will be your sentence.

T. Aug. 31, 2015 at 15-16.

**{¶23}** As the Supreme Court concluded in *Bonnell,*

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶37.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶24} As noted above, the trial court made this finding on the record.

{¶25} The fact that Hatfield's crimes do not involve a monetary loss in excess of "the upper end of an F-3 theft under R.C. 2913.02(B)(2)" is not a controlling factor. The trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. *Bonnell*, ¶28. We find that the record in the case at bar clearly and convincingly supports the trial court's findings under 2929.14(C)(4).

{¶26} Hatfield's sole assignment of error is overruled.

{¶27} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer, P.J.,

Wise, J., concur