[Cite as *State v. Rodriguez*, 2021-Ohio-2767.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109971 |
| v. | : | |
| LUIS RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 12, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-644061-A, CR-19-646660-A, and CR-20-649335-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson Strang, Assistant Prosecuting Attorney, *for appellee.*

Maxwell Martin, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Luis Rodriguez ("Rodriguez") appeals his 11-year prison sentence for various felony convictions in three separate criminal cases. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2} On July 13, 2020, Rodriquez pled guilty to robbery, a third-degree felony, with a one-year firearm specification; abduction, a third-degree felony; attempted robbery, a third-degree felony; failure to comply, a third-degree felony; aggravated vehicular assault, a third-degree felony; failure to stop after accident, a fifth-degree felony; and receiving stolen property, a fourth-degree felony.

{¶ 3} On August 26, 2020, the court sentenced Rodriguez to the following consecutive prison terms:  two years for the robbery, one year for the firearm specification, two years for the attempted robbery, one year for the failure to comply, and five years for the aggravated vehicular assault, for an aggregate sentence of eleven years in prison. The court ran Rodriguez's sentences for the abduction, failure to stop, and receiving stolen property convictions concurrent to the 11-year sentence. It is from this order that Rodriguez appeals, challenging the trial court's imposition of the maximum sentence for aggravated vehicular assault and the imposition of consecutive prison sentences.

## II.  Felony Sentencing

{¶ 4} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused

its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20" or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 5} Pursuant to R.C. 2903.08(B)(1), aggravated vehicular assault is a third-degree felony, punishable by a definite prison term of between 12 and 60 months. *See* R.C. 2929.14(A)(3)(a).

{¶ 6} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offenders conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

## III. Law and Analysis

### A. Maximum Prison Term

{¶ 7} In the case at hand, the court sentenced Rodriguez to the maximum term of five years in prison under R.C. 2929.14(A)(3)(a) for his aggravated vehicular assault conviction. We note that Rodriguez does not separately argue in his brief why he believes the court erred by imposing the maximum sentence on this count. Taking our standard of review under R.C. 2953.08(G) into account, R.C. 2929.13(B) and (D), 2929.14(B)(2)(e), and 2929.20(I) do not apply to the sentence imposed for aggravated vehicular assault. Therefore, we cannot review whether the record supports this maximum sentence. Additionally, a five-year prison sentence for an aggravated vehicular assault conviction is not contrary to law. *See* R.C. 2903.08;

2929.14(A)(3)(a). Therefore, we find that the court did not err by imposing the maximum five-year prison sentence for this conviction.

## B. Consecutive Prison Terms

### 1. Sentencing Hearing

{¶ 8} At the sentencing hearing, and on the court's request, the following people addressed the court.

{¶ 9} Defense counsel stated the following on the record. Rodriguez was 20 years old at the time of sentencing and had dropped out of high school in the 10th grade. He has difficulty reading and writing and received special education assistance in school. He had "no adult involvement in our criminal justice system," although he had "some" involvement with the juvenile system, spending six months in the Ohio Department of Youth Services. Prior to the events that led to Rodriguez's convictions, his father died of a drug overdose. Rodriguez was sexually abused as a child and witnessed "a fair amount of domestic violence" when he was growing up.

{¶ 10} According to defense counsel, Rodriguez has "an extensive history of drug use starting at the age of 14," and he was under the influence of drugs when he committed the offenses at issue in the instant case. He has been diagnosed with "unspecified schizophrenia spectrum or other psychotic disorder," has experienced "auditory and visual hallucinations," and is taking antipsychotic medication.

{¶ 11} The mother of one of Rodriguez's victims stated that her daughter was nine years old when the car Rodriguez was driving struck her. The victim had six screws and a plate put in her leg and will require a subsequent surgery to remove

these items. According to the mother, it took five months for the victim to start walking again, and the child suffered from nightmares. Additionally, the mother had to take five months off work to care for the victim, and the mother now suffers from anxiety attacks.

{¶ 12} Cleveland Police Accident Investigation Unit Detective Arkley ("Det. Arkley") stated that Rodriguez was evading the police because he was driving a stolen car when "he attempted to go around [a] bus and struck a child."

> On the date of the accident Mr. Rodriguez [was] operating a Kia Soul reported stolen and pulled up behind a school bus that was stopped dropping off kids. An unknowing City of Cleveland police vehicle pulled behind the Kia Soul but was turning onto a side street.

> Mr. Rodriguez operated his vehicle around the school bus that had flashing red lights and came in contact with the girl that was getting off the school bus. He then fled that accident scene leaving her there at West 73rd and Dearborn.

> He then operated until he abandoned the vehicle in a driveway of a residence and he and his passenger then left that vehicle there. The key fob — Mr. Rodriguez was seen taking the key fob and throwing it into an empty field * * *.

> With the help of citizens who were able to check their security cameras and so forth, we were able to recover the vehicle and also able to recover the key fob to that vehicle. With the help of the Cleveland Crime Scene Unit we were able to obtain DNA.

{¶ 13} The prosecutor added the following details regarding the facts underlying Rodriguez's convictions. As to the robbery with the firearm specification, Rodriguez and another man sold drugs to the victim, "but they then took advantage of him even more, held him up in a hotel for at least one day with the gun in Mr. Rodriguez's possession, and stated to the victim to go to the bank and

withdraw thousands of dollars to allow him to be free from Mr. Rodriguez and [the other man's] possession."

{¶ 14} The prosecutor noted that while Rodriguez was out on bond in the robbery case, he continued to commit more offenses. For example, the prosecutor stated that on December 4, 2019, Rodriguez stole a car, and on December 5, 2019, "went on a high-speed chase with the police in which he was eventually apprehended." According to the prosecutor, a "month or two later" Rodriguez struck the nine-year-old girl with a stolen car "forever changing her" life.

{¶ 15} Rodriguez spoke on his own behalf: "I just want to say that I am really remorseful for what I did, and I'm willing to take whatever you plan on giving me, and to learn from my mistakes. We all human. We make mistakes. At the time, I was going through a lot and I didn't mean to hurt her little daughter. I want to say that I apologize for that."

### 2. The Trial Court's Findings

{¶ 16} At the sentencing hearing, the court made the following findings on the record:

> The crimes that you have committed are serious, and they're serious for a number of reasons. Besides the impact that it has on the victims, and in all three of the cases that are not misdemeanors, the impact was great on the victim.

> More importantly, you really sort of stomped on your own foot because these crimes are serious enough where I don't have a choice but to send you to prison for a substantial amount of time.

> * * *

I'm mindful that you are a young person who may have made some bad decisions. I'm also aware that you were in ODYS for a while. Not long, but you were sentenced longer but they let you out early; is that right?

* * *

So you have been in a lockup situation before and you didn't really, for lack of a better word, you didn't really learn from it because you were able — I think they had sentenced you to a maximum term from six months until you turned 21 years old, and you were released in [six months].

Okay. So you kind of know what being locked up is about, but you didn't really change.

The thing about these cases is that they are all separate. None of them are really related. They're all separate. You started off September 9th, September 16th, November 30th, December 4th, February 20th, and then March 5th. So it is almost like a crime spree during that time.

* * *

[The court] finds a prison term is commensurate with the seriousness of the Defendant's conduct, its impact on the victims, and that it's reasonably necessary to deter the offender, to protect the public from future crime, and would not place an unnecessary burden on government resources.

The court finds that consecutive sentences in this case are appropriate. We find that it is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender [poses] to the public.

Let me just stress that. I understand that Mr. Rodriguez is young, and I understand maybe these were bad judgments, or maybe he was high on drugs, but you are a danger to this society. I mean, you're abducting people. You're stealing cars. You're running over kids. You're doing almost the entire gamut.

The court finds that [Rodriguez] committed the offenses in Case Nos. * * * 646660 [and] 649335 while you were under indictment in Case Nos. 635385 [and] 644061. The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of

conduct, and that the harm caused by these multiple offenses was great enough that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct.

{¶ 17} In its sentencing journal entry, the trial court found the following regarding consecutive sentences:

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offense was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

### 3. Analysis

{¶ 18} In summary, the court made the findings required to imposed consecutive sentences under R.C. 2929.14(C)(4). Specifically, the court addressed protecting the public, punishing the offender, and the proportionality of the sentence. Additionally, the court found that under subsection (a), Rodriguez committed some of the offenses while he was out on bond associated with other cases. Under subsection (b), the court found that the offenses were committed as part of "course of conduct," and the harm caused "by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct."

{¶ 19} Under R.C. 2953.08(G)(2), this court's standard in reviewing consecutive sentences is: if we "clearly and convincingly" find that the record does not support the sentencing court's findings, we may conclude that the court erred. We first address the court's finding under R.C. 2929.14(C)(4)(b) both at the sentencing hearing and in its journal entry that Rodriguez committed the offenses as part of a course of conduct.

{¶ 20} Rodriguez argues on appeal that this "course of conduct" finding is "at odds" with the court's statement at the sentencing hearing that the cases are "all separate. None of them are really related." Although the court made this statement at Rodriguez's sentencing hearing, the court finished its thought by stating the following: "You started off September 9th, September 16th, November 30th, December 4th, February 20th, and then March 5th. So it is almost like a crime spree during that time." Additionally, the court specifically found that "at least two of the multiple offenses were committed in this case as part of one or more courses of conduct * * *."

{¶ 21} Upon review, we find that the court's statements — when taken in their totality — are consistent with its finding that Rodriguez committed these offenses as part of a course of conduct. Furthermore, the record supports the trial court's findings. The offenses all happened within an approximate six-month period, and they all involve either the selling, buying, or taking of drugs. Rodriguez stole cars, hit a child with a stolen car, evaded the police, and abducted a man.

**{¶ 22}** Additionally, the record supports the trial court's finding that Rodriguez "committed one or more of the multiple offenses while [he] was awaiting trial * * *." Rodriguez does not dispute that he was "out on bond" when he committed several of the offenses at issue, including the aggravated vehicular assault. This satisfies R.C. 2929.14(C)(4)(a)'s factor that the "offender committed one or more multiple offenses while the offender was awaiting trial * * *."

**{¶ 23}** Upon review, we find no error in the court's imposition of an 11-year prison sentence in this case, and Rodriguez's sole assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR