[Cite as *State v. Colon*, 2022-Ohio-2137.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,       :

                      No. 110931

    v.                        :

SELENA COLON,                     :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 23, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657318-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Mahmoud S. Awadallah and Poula E. Hanna, Assistant Prosecuting Attorneys, *for appellee.*

Law Office of Craig W. Smotzer, LLC, and Craig W. Smotzer, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Selena Colon appeals the sentence imposed by the trial court in this case. Upon review, we affirm the consecutive sentence that was imposed.

{¶ 2} On March 15, 2021, Colon was charged under a seven-count indictment with offenses arising from a drunk-driving accident that occurred on February 21, 2021. The accident resulted in the death of two individuals and serious physical harm to a third individual.

{¶ 3} On August 19, 2021, as part of a plea agreement with the state, Colon entered a plea of guilty to four counts, including two counts of aggravated vehicular homicide (Counts 1 and 2), felonies of the second degree in violation of R.C. 2903.06(A)(1)(a); one count of aggravated vehicular assault (Count 5), a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); and one count of driving under the influence ("DUI") (Count 7), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a). The remaining counts were nolled.

{¶ 4} At the time of her plea, the trial court advised Colon of the mandatory prison time carried by Counts 1, 2, and 5, and the court informed her that the prison terms could be consecutively or concurrently imposed. The trial court indicated that because Colon was pleading guilty to two felonies of the second degree, the Reagan Tokes Law would apply. The court advised Colon on indefinite terms under the Reagan Tokes Law, and defense counsel noted an objection.

{¶ 5} On October 6, 2021, the trial court sentenced Colon. In describing the tragic events at sentencing, the state indicated that Colon was driving at speeds over 90 miles per hour, which was nearly triple the posted speed limit, she did not have the car lights on, she was driving erratically and passing other vehicles, she had high amounts of alcohol in her blood, and she struck another car with such force

that it was sliced in half, killing two of the occupants and seriously injuring the third. The state also noted Colon's history of driving offenses and disregard for following traffic laws.

{¶ 6} The trial court sentenced Colon as follows: Count 1, an indefinite prison term for a minimum of 6 years and a maximum of 9 years; Count 2, 6 years; Count 5, 3 years; and Count 7, 180 days in jail and a fine of $1,075. The court ordered Counts 2 and 5 to run consecutive to Count 1, and the court ordered Count 7 to run concurrent with the other counts. Prior to imposing sentence, the court made findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Although the judgment entry filed on October 12, 2021, did not include consecutive-sentence findings, the trial court filed a nunc pro tunc entry on November 1, 2021, that included the required findings.

{¶ 7} Colon timely filed this appeal.[1]

{¶ 8} Colon raises two assignments of error for our review. Under her first assignment of error, Colon claims the trial court imposed a consecutive sentence without making all required findings under R.C. 2929.14(C)(4).

---

[1] We confine our review to the issues presented and argued by the parties. However, we note that the trial court's journal entries filed August 20, 2021, and October 12, 2021, incorrectly indicate that Colon pleaded guilty to aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter as charged in Counts 1 and 2 of the indictment. Counts 1 and 2 of the indictment charged Colon with only "aggravated vehicular homicide," a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a). Colon may request a nunc pro tunc entry from the trial court to correct the clerical error appearing in the journal entries. *See* Crim.R. 36.

{¶ 9} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. When a trial court's imposition of consecutive sentences is challenged on appeal, R.C. 2953.08(G)(2) directs the appellate court to "review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds" either "(a) [t]hat the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶ 10} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find (1) that consecutive service is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present. *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 205.

{¶ 11} For a trial court to impose consecutive terms of imprisonment, it must make the statutory findings mandated by R.C. 2929.14(C)(4) and incorporate its findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to give a rote recitation of the statutory language. *Id*. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record

contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 12} In this matter, contrary to Colon's contentions, the record reveals that the trial court made the requisite findings under R.C. 2929.14(C)(4) for imposing consecutive terms of imprisonment. The trial court found that consecutive service "is necessary to protect the public and punish the offender" and "is not disproportionate to the conduct[.]" It is apparent from the record that the trial court engaged in the proper analysis and considered proportionality with respect to both the seriousness of Colon's conduct and the danger she posed to the public. The judge reviewed the presentence-investigation report and the sentencing briefs, was aware of Colon's history with driving offenses, observed that this was "one of the worst types of situations I've ever seen" with "such devastating results," and recognized there were three victims, two of whom lost their lives. The trial court also found the aggravating factor under R.C. 2929.14(C)(4)(b) was present in determining "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct." Prior to imposing sentence, the trial court commented on the seriousness of the conduct, stating that it was "a complete tragedy" for everyone involved, "everybody has suffered a huge loss[,]" and "[n]othing [the court] can do will replace that loss." The court added that the two victims whose lives were lost were "worth more than eight years." Additionally, the trial court included all the requisite findings in the nunc pro tunc judgment entry.

{¶ 13} In addition to challenging whether the requisite findings were made, Colon argues that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b). As applicable in this matter, R.C. 2929.14(C)(4)(b) requires the trial court to find

> [a]t least two of the multiple offenses were committed as part of *one or more courses of conduct*, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Emphasis added.) Colon argues that trial court could not find that the offenses in this action were committed as part of "one or more courses of conduct" because she claims the conduct involved one act that culminated in the injury and loss of life to the victims.

{¶ 14} The plain language of R.C. 2929.14(C)(4)(b) is written to include multiple offenses committed by "one" singular course of conduct resulting in the requisite "harm" caused. "This language * * * compels the conclusion that a consecutive sentence may be ordered for multiple offenses committed as part of a single course of conduct or for multiple offenses committed during multiple courses of conduct." *State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652, ¶ 32 (Tucker, J., concurring).

{¶ 15} Although Ohio's sentencing statutes do not specifically define "course of conduct," the Supreme Court of Ohio has found that a course of conduct may be established by factual links, such as time, location, cause of death, similar motivation, or some connection that ties the offenses together as part of a single

course of conduct. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 144; *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, syllabus; *see also State v. Squires*, 8th Dist. Cuyahoga No. 110059, 2021-Ohio-2035, ¶ 11-12. The record in this case demonstrates that the offenses took place at the same time and location and involved the same DUI and reckless driving conduct, which caused death and serious bodily harm to the victims involved. These factual links were sufficient to establish that the offenses were committed as a single course of conduct.[2] Additionally, the record supports the trial court's determination that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 16} Upon our review of the record, we find the trial court engaged in the correct analysis, made the findings required by R.C. 2929.14(C)(4), and incorporated those findings into the judgment entry. We also find the record contains evidence to support the statutory findings for imposing consecutive sentences. We are unable to clearly and convincingly find that the record does not support the court's findings under R.C. 2929.14(C)(4) or that the sentence is otherwise contrary to law. As such, we overrule the first assignment of error.

---

[2] In contrast, in the *Tucker* case it was determined that the trial court erred by imposing consecutive sentences on the basis that the case constituted a course of conduct when Tucker's conviction for abduction was not linked in any way to a drive-by shooting committed on separate dates, in different locations, and with different motivations and unrelated facts. *Id.* at ¶ 14. Here, the offenses were tied together by factual links.

{¶ 17} Under her second assignment of error, Colon raises a constitutional challenge to the Reagan Tokes Law and argues the trial court erred by imposing an indefinite prison term.

{¶ 18} We need not dwell on the arguments presented. The Ohio Supreme Court held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 1, that constitutional challenges to the Reagan Tokes Act are ripe for review. In accordance with this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), the constitutional challenges presented in this appeal are overruled. Accordingly, we overrule the second assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).