[Cite as *State v. Kuehl*, 2025-Ohio-4616.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 0079 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Richland County, Case No. 2024 CR 0532 N |
| SETH EUGENE KUEHL, | |
| Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment: October 3, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Megan E. Hobart, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Benjamin R. Sorber, for Defendant-Appellant.


*Gormley, J.*

{¶1}   Defendant Seth Kuehl challenges in this appeal a consecutive prison sentence imposed on him in the Court of Common Pleas of Richland County.  Kuehl was convicted of two counts of robbery and one count of theft.  The trial judge sentenced Kuehl to consecutive prison terms on the robbery charges, resulting in an indefinite prison term with an aggregate minimum length of eight years and a maximum length of ten years.  Though Kuehl contends that the trial court's imposition of consecutive sentences was contrary to law, we find no error in the trial court's sentence.

**The Key Facts**

{¶2}   In August 2024, three bills of information against Kuehl were filed in the trial court, with each of those charging documents listing a separate felony charge.  The

charges alleged that Kuehl, on three different dates in July 2024, had committed two robberies and one theft. Kuehl pled guilty to all three charges and was sentenced in the three cases at the same time.

{¶3} In this appeal, Kuehl challenges only the consecutive sentence imposed for one of the robbery convictions. In the case at issue in this appeal, Kuehl was charged with robbery after he allegedly demanded that he be given cigarettes and money at a retail store while he was brandishing a box cutter. Kuehl fled the store with some snacks, cigarettes, and $140 in cash.

{¶4} Kuehl was also charged with a separate robbery offense (trial-court case no. 2024 CR 0530 N) for brandishing a boxcutter and demanding money at another retail store two days after the robbery at issue in this appeal. Kuehl fled from that store with $20 in cash.

{¶5} After Kuehl pled guilty to both robbery charges — and to an unrelated theft charge — the trial judge ordered a presentence investigation and scheduled a sentencing hearing.

{¶6} From the presentence report and from remarks made by Kuehl's counsel at the sentencing hearing, the trial judge learned that Kuehl's ex-wife had been diagnosed with leukemia and his brother had been murdered. Kuehl had also struggled with substance abuse. Information presented at the sentencing hearing indicated, too, that Kuehl had taken responsibility for his crimes by confessing to law-enforcement officers, by pleading guilty to the bills of information, and by expressing remorse for his wrongdoing.

{¶7}   The State, though, pointed out at the sentencing hearing that Kuehl had performed poorly while under community-control supervision in the past.   The risk-assessment score in the presentence report indicated that Kuehl's likelihood of recidivism was high.   And the trial judge noted aloud at the sentencing hearing that Kuehl's substance-abuse issues had persisted despite his participation in treatment on two prior occasions.   The judge recounted, as well, Kuehl's prior convictions and mentioned that Kuehl was at that time facing a misdemeanor charge of possessing drug paraphernalia.

{¶8}   The trial judge at the sentencing hearing also mentioned the effect of Kuehl's actions on the victims in the cases, and the judge expressed concern about Kuehl's handling of difficult situations in his life and his failure to seek counseling or substance-abuse treatment before committing his most recent crimes.

{¶9}   The trial judge then imposed an indefinite prison term with a minimum length of four years on the F2 robbery charge in trial-court case no. 2024 CR 0530 N as well as a separate indefinite prison term with a minimum length of four years on the F2 robbery charge in trial-court case no. 2024 CR 0532 N.  (That latter one is the conviction at issue in this appeal.)  The prison terms on the two robbery charges were imposed consecutively to one another and concurrently with the prison term on the F4 theft charge.

{¶10}  The judge advised Kuehl that the sentences for the robbery convictions were being imposed consecutively because consecutive sentences were, in the judge's view, necessary to protect the public from future crime or to punish Kuehl.  The judge also advised that consecutive sentences were not disproportionate to the seriousness of Kuehl's conduct and to the danger that he posed to the public because the robberies had been committed as part of a course of conduct, and the harm caused by Kuehl's multiple

offenses was so great or unusual that no single prison term would adequately reflect the seriousness of his conduct.

**{¶11}** Kuehl now appeals the trial court's judgment imposing a consecutive sentence on the robbery charge in trial-court case no. 2024 CR 0532 N.

## The Trial Court Did Not Err in Imposing Consecutive Sentences

**{¶12}** Kuehl contends that the record does not support any deviation from R.C. 2929.41(A)'s presumption in favor of concurrent sentences.

**{¶13}** R.C. 2953.08(G)(2)(a) provides that an appellate court can "increase, reduce, or otherwise modify a sentence that is appealed . . . or may vacate the sentence and remand the matter . . . for resentencing . . . if it clearly and convincingly finds . . .[t]hat the record does not support the sentencing court's findings." The Supreme Court of Ohio has explained that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5 (Kennedy, C.J., with two justices concurring in the opinion and one justice concurring in the judgment). Evidence that is clear and convincing "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶14}** When imposing multiple sentences, a trial court should start with the presumption that a prison term should be imposed concurrently with any other prison term, unless certain circumstances listed in R.C. 2929.41(A) apply. *State v. Jones*, 2024-Ohio-1083, ¶ 11. A trial court may require a criminal defendant to serve sentences

consecutively if the court finds that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and that one of the findings in R.C. 2929.14(C)(4)(a)-(c) applies. *Id.*, quoting R.C. 2929.14(C)(4).

**{¶15}** In this case, the trial judge made the finding that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b).

**{¶16}** "'[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.'" *State v. Johnson*, 2024-Ohio-5274, ¶ 14 (5th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 28. The trial judge must make the findings at the sentencing hearing and must incorporate those findings into the sentencing entry, but the trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

**{¶17}** The trial judge in this case made the necessary findings under 2929.14(C)(4) at both the sentencing hearing and in the sentencing entry. The trial judge found that consecutive sentences were necessary to protect the public from future crime or to punish Kuehl and found that consecutive sentences were not disproportionate to the seriousness of Kuehl's conduct or to the danger that he poses to the public. The trial

judge also made the additional finding that Kuehl's robbery offenses were committed as part of a course of conduct. And the judge found that the harm caused by Kuehl's multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of Kuehl's conduct.

{¶18} Even so, Kuehl contends that the record does not clearly and convincingly support the course-of-conduct finding under R.C. 2929.14(C)(4)(b). Although "course of conduct" is not defined in Ohio's sentencing statutes, "the Supreme Court of Ohio has found that a course of conduct may be established by factual links, such as time, location, cause of death, similar motivation, or some connection that ties the offenses together as part of a single course of conduct." *State v. Colon*, 2022-Ohio-2137, ¶ 15 (8th Dist.), citing *State v. Short*, 2011-Ohio-3641, ¶ 144. "A 'course of conduct' exists for purposes of R.C. 2929.14(C)(4)(b) where two offenses share some connection, common scheme, pattern[,] or psychological thread that ties them together." *State v. Bates*, 2024-Ohio-2587, ¶ 38 (8th Dist.), citing *State v. Evans*, 2023-Ohio-3656, ¶ 20 (2d Dist.).

{¶19} The two robbery offenses were committed only two days apart at gas stations, and at both crime scenes, Kuehl brandished a box cutter and demanded money and cigarettes. We believe that these facts justify the trial court's conclusion that the crimes were part of a course of conduct. *See State v. Rodriguez*, 2021-Ohio-2767, ¶ 20 (8th Dist.) (finding that multiple offenses committed from September until March "were like a crime spree" and were part of a course of conduct); *State v. Lambert*, 2019-Ohio-2837, ¶ 33 (2d Dist.) (affirming a trial court's course-of-conduct finding and noting that a "course of conduct may be established by factual links such as time, location, weapon, cause of death, or similar motivation").

{¶20} As for the trial court's finding that the harm caused by Kuehl's two robbery offenses was — in the words of R.C. 2929.14(C)(4)(b) — "so great or unusual" that no single prison term would adequately "reflect[ ] the seriousness" of his conduct, Kuehl notes that no one suffered physical harm from his crimes. At the sentencing hearing, though, the trial judge expressed concern that Kuehl was dealing with his brother's murder by threatening people, instilling fear in them, bullying them, and causing them psychological harm. The trial judge discussed how Kuehl's actions would likely leave a lasting impact on the robbery victims for the rest of their lives, and the judge even noted that the same thing that happened to Kuehl's brother could have happened during the offenses that Kuehl himself committed.

{¶21} We find support in the record for the trial judge's "so great or unusual" finding. Kuehl threatened multiple victims at retail stores with a box cutter, and the trial judge could rightly consider the psychological harm that conduct of that sort can impose on crime victims. *See State v. Oliver*, 2021-Ohio-2543, ¶ 86 (12th Dist.) ("psychological and emotional harm . . . is appropriate for the trial court to consider" when weighing whether to impose consecutive sentences).

{¶22} "[I]t is within the discretion of the individual judge 'to determine the weight to assign to a particular statutory factor,' and when making such judgments, the sentencing court 'is not required to divorce itself from all personal experiences and make [its] decision in a vacuum.'" *State v. Cox*, 2020-Ohio-4648, ¶ 23 (5th Dist.), quoting *State v. Saylor*, 2019-Ohio-1025, ¶ 44 (2d Dist.); *see also State v. Hatfield*, 2016-Ohio-2888, ¶ 24 (5th Dist.) (upholding trial court's finding of great or unusual harm based on the harm

to the "tight-knit, close community" as a result of the defendant's money laundering and the extreme selfishness exhibited by the defendant's criminal behavior).

{¶23} The trial judge made the necessary R.C. 2929.14(C)(4)(b) course-of-conduct and so-great-or-unusual findings to justify Kuehl's consecutive sentences, and we do not clearly and convincingly find that the record fails to support those findings.

{¶24} For the reasons explained above, the judgment of the Court of Common Pleas of Richland County is affirmed. Any costs must be paid by Defendant Seth E. Kuehl.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.